UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>TEMBLOR PETROLEUM COMPANY, LLC,<br><br>　　　　　　　Debtor, | No. 1:22-cv-01507-ADA<br><br>ORDER GRANTING APPELLANT'S EX PARTE APPLICATION FOR PARTIAL REMAND TO THE BANKRUPTCY COURT |
| GENAUTICA OIL HOLDINGS, LP,<br><br>　　　　　　　Appellant,<br><br>　　v.<br><br>JEFFREY M. VETTER, et al,<br><br>　　　　　　　Appellees. | (ECF. No. 8) |

This matter is before the Court on Appellant, Genautica Oil Holdings, LP's ex parte application for remand to the Bankruptcy Court. (ECF No. 8.) For the reasons explained below, the Court grants Appellant's ex parte request to partially remand the case to the Bankruptcy Court, while retaining jurisdiction over the appeal.

**I.**

**Background**

On August 10, 2022, the Bankruptcy Court held an auction of the 24.22% interest of the debtor, Temblor Petroleum Company, LLC, in an oil field known as Hangman's Hollow

("Working Interest"). (ECF No. 9 at 7.) Trio Petroleum LLC ("Trio") was a stalking horse bidder to purchase the Working Interest for $10,000.00, subject to higher and better offers. (*Id*.) On August 19, 2022, the Bankruptcy Court entered an order authorizing the sale of the Working Interest to Prudent Resources as the winning bidder and to Appellant as the back-up bidder ("Sale Order"); however, neither party completed the sale as set forth in the Sale Order. (*Id*.) On November 3, 2022, the Bankruptcy Court granted the Chapter 7 Trustee's ex parte motion to amend the Sale Order and authorize the sale of the Working Interest to Trio ("Amended Order"). (*Id*.) On November 17, 2022, Appellant filed an appeal of the Amended Order in this Court. (ECF No. 1.)

On February 2, 2023, however, Appellant moved to vacate that same Amended Order in the Bankruptcy Court pursuant to Federal Rule of Civil Procedures 60(b)(1) and (b)(6), as incorporated by Federal Rule of Bankruptcy Procedure 9024. On April 6, 2023, the Bankruptcy Court issued an Indicative Ruling on Appellant's motion stating that it lacked jurisdiction to decide the motion due to the pending appeal. (ECF No. 9 at 7-8.) Further, the Bankruptcy Court found that the motion raised a substantial issue with respect to the propriety of the auction of the Working Interest that underlies the Amended Order currently on appeal. (*Id*.) On April 12, 2023, Appellant informed this Court of the Bankruptcy Court's Indicative Ruling and requested that the Court partially remand the case to the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 8008 to allow the Bankruptcy Court to rule on the motion to vacate. (ECF No. 8.)

## II.

## Legal Standard

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, Federal Rule of Bankruptcy Procedure 8008, which is an adaptation of Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1, allows the district court to remand for further proceedings. *See* Fed. R. Bankr. P. 8008 Advisory Committee Notes to 2014 Amendment. Rule 8008 states that "[i]f a party files a timely motion in the bankruptcy

court for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the bankruptcy court may . . . state that the court would grant the motion if the court where the appeal is pending remands for that purpose, or state that the motion raises a substantial issue." Fed. R. Bankr. P. 8008(a)(3).

"The movant must promptly notify the clerk of the court where the appeal is pending if the bankruptcy court states that it would grant the motion or that the motion raises a substantial issue." Fed. R. Bankr. P. 8008(b). Then, "the district court . . . may remand for further proceedings, but it retains jurisdiction unless it expressly dismisses the appeal." Fed. R. Bankr. P. 8008(c). This rule "provides a procedure for the issuance of an indicative ruling when a bankruptcy court determines that, because of a pending appeal, the court lacks jurisdiction to grant a request for relief that the court concludes is meritorious or raises a substantial issue." Fed. R. Bankr. P. 8008 Advisory Committee Notes to 2014 Amendment.

### III.
### Discussion

On this pending ex parte application for remand to the Bankruptcy Court, Appellant requests that this Court retain jurisdiction of the appeal and partially remand the matter to the Bankruptcy Court for further consideration of its motion to vacate the Amended Order. (ECF No. 8.) Here, on April 6, 2023, the Bankruptcy Court issued an Indicative Ruling stating that Appellant's motion to vacate the Amended Order "raises a substantial issue with respect to the propriety of the auction of the Working Interest that underlies the Amended Order that is currently on Appeal." (ECF No. 9 at Ex. A.) The Appellant filed a notice of Indicative Ruling on April 12, 2023, promptly notifying this Court of the Bankruptcy Court's findings, pursuant to Federal Rule of Bankruptcy Procedure 8008(b). (ECF No. 8.) Thereto, Appellant clearly states that it "does not intend to abandon this appeal while the Bankruptcy Court considers the issues on remand." (ECF No. 8 at 4.)

Accordingly, the Court will partially remand the case to the Bankruptcy Court for further proceedings on the motion to vacate the Amended Order, while retaining jurisdiction over the appeal. *See* Fed. R. Bankr. P. 8008(c) Advisory Committee Notes to 2014 Amendment (stating

3

that if the appellant has not clearly stated its intentions to abandon the appeal, the district court "may remand for the purpose of ruling on the motion, while retaining jurisdiction to proceed with the appeal after the bankruptcy court rules, provided that the appeal is not then moot and a party wishes to proceed."). Therefore, the parties are ordered to promptly notify this Court when the Appellant's motion to vacate has been decided by the Bankruptcy Court.

Accordingly, for the reasons explained above:

1. The Court partially remands this case to the United States Bankruptcy Court of the Eastern District of California for further proceedings in accordance with this order, while retaining jurisdiction over the appeal pursuant to Fed. R. Bankr. P. 8008; and

2. The Court directs the parties to promptly notify this Court when the Bankruptcy Court decides Appellant's motion to vacate the Amended Order.

IT IS SO ORDERED.

Dated:   April 26, 2023

_____
UNITED STATES DISTRICT JUDGE