1

2

3

4

5

6

7                   UNITED STATES DISTRICT COURT

8                   EASTERN DISTRICT OF CALIFORNIA

9

10    GENAUTICA OIL HOLDINGS, LP,              No.  1:22-cv-01507-KES

11                    Plaintiff-Appellant,

12           v.                                ORDER TO SHOW CAUSE WHY APPEAL
                                               SHOULD NOT BE DISMISSED FOR
13    TEMBLOR PETROLEUM COMPANY,               FAILURE TO PROSECUTE AND FAILURE
      LLC, et al.,                             TO COMPLY WITH THE LOCAL RULES
14
                      Defendants-Appellees.
15

16

17           Plaintiff-Appellant, Genautica Oil Holdings, LP ("appellant"), filed this bankruptcy

18    appeal on November 18, 2022, appealing the United States Bankruptcy Court's Amended Order

19    on Motion to Sell Estate's Interest in Property.[1]  (Doc. 1.)  Appellant's opening brief was initially

20    due by January 23, 2023.  On January 23, 2023, the court granted appellant's unopposed motion

21    for additional time to file its opening brief.  Docs. 4, 7.  Appellant was granted additional

22    extensions of time on April 24, 2023; July 24, 2023; September 8, 2023; November 6, 2023;

23    December 20, 2023, February 20, 2024; and April 18, 2024.  Docs. 11, 16, 20, 29, 38.  On

24    April 18, 2024, the court ordered appellant to file and serve its opening appeal brief no later than

25    June 18, 2024, and noted that "[a]ny further motion for an extension of time to file the opening

26    brief in this appeal will be disfavored and must be supported by specific and substantial good

27    ——————————————

28    [1]  Under 28 U.S.C. § 158(c)(1), a party may elect to have an appeal heard by the United States District Court rather
      than the Bankruptcy Appellate Panel.

                                              1

1   cause." Doc. 38 at 2.  The filing deadline has passed, and appellant has failed to file its opening

2   appeal brief.  *See* docket.

3        A district court possesses the inherent power to control its docket, *United States v. W.R.*

4   *Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc), and may dismiss an action sua sponte for

5   failure to prosecute, *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991).  A party's failure to

6   comply with applicable rules and law may also be grounds for dismissal or any other sanction

7   appropriate under the Local Rules.  *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)

8   ("Failure to follow a district court's local rules is a proper ground for dismissal.").  Local

9   Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any

10   order of the Court may be grounds for imposition by the Court of any and all sanctions authorized

11   by statute or Rule or within the inherent power of the Court."  The Court, however, recognizes

12   that "dismissal is a harsh penalty, and, therefore, it should be imposed only in extreme

13   circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

14        This action has been pending since November 18, 2022.  Over two weeks has passed since

15   the deadline for appellant to file its opening appeal brief, and appellant has failed to file its

16   opening brief and no motion for an extension of time has been filed.

17        Accordingly, **within fourteen (14) days** of the date of service of this order, appellant

18   Genautica Oil Holdings, LP shall show cause in writing why the action should not be dismissed

19   for failure to prosecute and failure to comply with the Local Rules.  Alternatively, within fourteen

20   (14) days, Appellant may voluntarily dismiss the action.  **Appellant is warned that failure to**

21   **comply with this order may result in dismissal of the action for failure to prosecute and**

22   **failure to obey court orders**.

23

24

25   IT IS SO ORDERED.

26     Dated:   July 7, 2024

       _____
       UNITED STATES DISTRICT JUDGE

27

28